UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MEMPHIS D. MORGAN,

                Plaintiff,

v.

ASSISTANT DISTRICT ATTORNEY LEIGH
ANN PEREZ, ACTING DISTRICT ATTORNEY
ERIC GONZALEZ, SCOTT H. KLEIN and the
75TH PRECINCT,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-1317 (MKB)

---

MARGO K. BRODIE, United States District Judge:

Plaintiff Memphis Morgan,[1] proceeding *pro se* and currently incarcerated at Rikers Island, filed the above-captioned action pursuant to 42 U.S.C. § 1983 on March 6, 2017 against Defendants Assistant District Attorney ("ADA") Leigh Ann Perez, Acting District Attorney ("DA") Eric Gonzalez, lawyer Scott H. Klein, and the 75th Precinct of the New York City Police Department. (*See generally* Compl., Docket Entry No. 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaint. The Court grants Plaintiff leave to amend the Complaint within thirty (30) days to assert a claim against the City of New York.

---

[1] Although Plaintiff identifies himself in the caption as Memphis D. Morgan, based on the allegations in the Complaint, it appears that Plaintiff is also known as Dante Morgan and was charged in state criminal proceedings under that name. (Compl. 6–11.)

## I. Background

The Court assumes the truth of the allegations in the Complaint for the purpose of this Memorandum and Order. Plaintiff challenges his current incarceration. (Compl. 17.)[2] Plaintiff was arrested in 2008 on a charge of burglary in the second degree. (*Id.*) Prior to trial in Kings County Supreme Court, Plaintiff "became terrified of [his] situation and decided to jump bail . . . [and] was on the run" until 2016. (*Id.*) Plaintiff alleges that a warrant squad was not sent to his house nor was he contacted after he jumped bail. (*Id.*) In 2016, Plaintiff was arrested on a misdemeanor charge, and the arresting officers discovered that there was an outstanding warrant for Plaintiff's arrest. (*Id.*) Plaintiff was remanded on the 2008 charge and offered a plea deal with a sentence of seven years of incarceration. (*Id.* at 17.) An unnamed ADA, presumably ADA Perez, who is listed on paperwork Plaintiff attaches to the Complaint, told Plaintiff that he would be charged with bail jumping if he did not accept the plea offer. (*Id.* at 4, 8.) In February of 2017, Plaintiff was charged under indictment number 1127/2017 with bail jumping in the second and third degree for failure to appear at a September 23, 2009 court hearing.[3] (*Id.* at 8, 14, 17.) Plaintiff asserts that because the statute of limitations on the bail jumping charges expired, the pursuit of the charges by the District Attorney's Office "jeopardized" his rights under the Fifth, Sixth and Fourteenth Amendments. (*Id.*)

Plaintiff states that as a result of his incarceration and pending criminal charges, he suffers from emotional distress, lack of sleep and "deteriorating self." (*Id.* at 4.) In addition,

---

[2] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system (ECF).

[3] Plaintiff attaches as an exhibit to the Complaint a Voluntary Disclosure Form from the Kings County District Attorney's Office noting the offense of bail jumping in the second and third degree occurred at 12:00 PM on September 23, 2009. (Compl. 8–10.)

2

Plaintiff's daughter is disturbed as a result of his situation and is missing school and "tells teachers she will commit suicide because of separation anxiety." (*Id.*) Plaintiff has lost his apartment, personal possessions, and his job. (*Id.*) His mother "is getting sicker by the day because of depression due to [his] settings." (*Id.*) Plaintiff alleges that ADA Perez and his appointed attorney Klein "are abusing the fact that [he is] a mental health patient." (*Id.* at 16–17.)

In the Complaint, Plaintiff seeks damages of eight million dollars for "loss of [his] liberty." (*Id.* at 5.) On April 15, 2017, Plaintiff submitted a letter to the Court reiterating his claims, and stating that he seeks damages of twenty-five million dollars. (Pl. Letter dated Apr. 15, 2017, Docket Entry No. 7.) Plaintiff also encloses several court filings relating to the bail jumping charges and the above-captioned civil action, including additional copies of the Complaint.[4]

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's

---

[4] The additional copies of the Complaint are formatted slightly differently than the original Complaint but include the same factual details.

pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007). Similarly, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas*, 480 F.3d at 639.

### b. Plaintiff cannot bring an action against the 75th Precinct

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam). Because the 75th Precinct is a subdivision of the New York City Police Department, which is an agency of the City of New York, the 75th Precinct is not amenable to suit. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims

asserted against the NYPD due to non-suable-entity status). Any action against the 75th Precinct must be brought against the City of New York. Accordingly, Plaintiff's claims against the 75th Precinct are dismissed.

### c. Plaintiff fails to state a claim against Klein

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

It is well established that court-appointed attorneys do not act under color of state law when they perform traditional functions of counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court appointed criminal defense attorney does not act under color of state law when representing a client" (citing *Rodriguez v. Weprin*, 116 F.3d 62,

5

65–66 (2d Cir. 1997))); *Garcia v. City of New York*, No. 13-CV-4655, 2013 WL 153756, at *3 (E.D.N.Y. Jan. 14, 2013) (finding that a Legal Aid Society attorney was not acting under color of state law when he represented a plaintiff in criminal court); *Pecou v. Hirschfeld*, No. 07-CV-5449, 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment." (citing *Polk Cty.*, 454 U.S. at 325)). Because Plaintiff has failed to plead any facts that would support a finding that Klein was acting under color of state law at the time of the alleged civil rights violations, Plaintiff's claim against Klein is dismissed. 28 U.S.C. § 1915(e)(2)(B).

### d. Plaintiff fails to state a claim against ADA Perez and DA Gonzalez

"It is well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks and brackets omitted). Immunity extends to deciding which offenses to charge, initiating a prosecution, presenting the case at trial, and evaluating and organizing evidence for presentation at trial or to a grand jury. *Id.* Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. *Shmueli*, 424 F.3d at 237.

Here, Plaintiff's claims against ADA Perez involve her decisions to bring bail jumping

charges which Plaintiff alleges were barred by the statute of limitations[5] and to offer Plaintiff a plea deal, both of which are within the scope of her duties as a prosecutor. *See, e.g.*, *Peay v. Ajello*, 470 F.3d 65, 67–68 (2d Cir. 2006) (prosecutorial immunity encompasses allegations of "fabricating evidence used at trial, withholding exculpatory evidence, suborning perjury, and attempting to intimidate [a defendant] into accepting a guilty plea."); *Shmueli*, 424 F.3d at 237 ("Once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive."). DA Gonzalez is likewise entitled to prosecutorial immunity.

Moreover, because Plaintiff fails to allege any conduct by DA Gonzalez that contributed to the violation of his constitutional rights, Plaintiff fails to state a claim against DA Gonzalez because there is no supervisory liability under section 1983. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("'Absent some personal involvement by [the supervisory official] in the allegedly unlawful conduct of his subordinates,' he cannot be liable under section 1983." (alteration in original) (quoting *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987))).

Thus, the claims against ADA Perez and DA Gonzalez are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[5] The statute of limitations is not jurisdictional. *See, e.g.*, *People v. Mills*, 1 N.Y.3d 269, 274 (2003) ("New York courts have long recognized that the statute of limitations defense is not jurisdictional and can be forfeited or waived by a defendant." (collecting cases)).

### e. Leave to amend

While it is unclear that Plaintiff can cure the defects with the Complaint, the Court grants Plaintiff leave to amend the Complaint to attempt to assert a claim against the City of New York to the extent Plaintiff can articulate a constitutional violation that would not call into question any pending charges against him or any conviction.[6] In order to bring a claim against the City of New York instead of the 75th Precinct, Plaintiff must allege a policy or custom attributable to New York City. *See Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (holding that a municipality, like the City of New York, can be liable under section 1983 only if a Plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007))); *Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (holding that proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that the incident occurred pursuant to one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates); *see also Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v.*

---

[6] *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

*Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

However, because Plaintiff cannot bring a section 1983 claim against his attorney Klein, who was not acting under color of state law, and because Plaintiff cannot bring a claim against ADA Perez and DA Gonzalez for actions taken pursuant to their prosecutorial duties, Plaintiff cannot amend his claims as to Defendants Klein, ADA Perez or DA Gonzalez.

### III.  Conclusion

For the foregoing reasons, the Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).  The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint.  Should Plaintiff elect to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order.  If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons set forth above.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 9, 2017
      Brooklyn, New York